DePROPRIS *v.* SMITH.

VENDOR AND PURCHASER—VENDOR'S DEFAULT AS TO TITLE—REFUND OF DEPOSIT.

> The vendor's right to terminate written agreement to sell land did not depend upon the purchaser's written objection to the title, where contract gave vendor option of refunding deposit forthwith in the event of his inability to remedy defect in his title or obtain title insurance; claimed conspiracy to defraud plaintiff not being shown.

Appeal from Oakland; Doty (Frank L.), J.  Submitted April 5, 1955.   (Docket No. 3, Calendar No. 46,357.)   Decided June 6, 1955.  Rehearing denied June 29, 1955.  Reconsideration denied October 14, 1955.

Case by Louis DePropris against George Wellington Smith and Paul F. Schoeffel for damages on failure to perform contract to sell real estate.  Directed verdict and judgment for defendants.  Plaintiff appeals.  Affirmed.

*Gabriel Glantz,* for plaintiff.

*Patterson & Patterson,* for defendants.

---

REFERENCES FOR POINTS IN HEADNOTES
See, generally, 55 Am Jur, Vendor and Purchaser § 621.

KELLY, J.   Defendant and appellee George Wellington Smith owned a large number of lots in the vicinity of Franklin village, Oakland county, Michigan.   Appellee Paul F. Schoeffel was Smith's employee, and as such assisted him in the sale of his property.

On July 28, 1952, defendant Schoeffel negotiated sale of 2 lots in Franklin Villas subdivision to appellant DePropris, and on behalf of his employer, defendant Smith, entered into a written agreement of purchase and sale, representing said lots as being owned by defendant Smith.

When defendants endeavored to obtain title insurance they ascertained that one of the 2 lots was owned by defendant Smith's brother, Joseph Smith, and his wife.   Defendant Smith notified the purchaser of this fact and terminated the agreement to sell and returned the down payment to DePropris. DePropris refused to accept the return of the down payment.

Plaintiff filed his declaration in the circuit court of Oakland county seeking damages and alleging that defendants conspired to cheat, defraud and mislead by offering to sell property without being able to do so, or refusing to convey the property described in the purchase agreement.   The case was tried before a jury and at the conclusion of the proofs the court directed a verdict for defendants.

The only question presented in this appeal is whether the court erred in construing the terms of the purchase agreement giving to defendants the right to terminate the agreement and return the down payment on the purchase price.

The testimony did not sustain appellant's claim that appellees conspired to cheat and defraud him, but, to the contrary, sustains the conclusion that the agreement to purchase and sell was not carried forward to completion because after executing same

appellees discovered that George Wellington Smith did not have title to one of the lots.

The trial court correctly interpreted the clause in the purchase agreement entitled "Title Objections —Seller's Default," which reads as follows:

"If objection to the title is made, based upon a written opinion of purchaser's attorney that the title is not in the condition as required for performance hereunder, the seller shall have 30 days from the date he is notified in writing of the particular defects claimed, either (1) to remedy the title, or (2) to obtain title insurance as required above, or (3) to refund the deposit in full termination of this agreement if unable to remedy the title or obtain title insurance. If the seller remedies the title or shall obtain such title policy within the time specified, the purchaser agrees to complete the sale within 10 days of written notification thereof. If the seller fails to remedy the title or obtain such title insurance or to give the purchaser the above written notification within said 30 days, the deposit shall be refunded forthwith in full termination of this agreement."

We cannot agree with plaintiff's contention that defendants' rights to terminate under this clause depended upon plaintiff's objection in writing to the title. Plaintiff refused to pay the consideration provided for in the agreement unless he obtained legal title to both lots.

Judgment affirmed. Costs to appellees.

Carr, C. J., and Butzel, Smith, Sharpe, Boyles, Reid, and Dethmers, JJ., concurred.