SHUBOW v. WXYZ, INCORPORATED

VENDOR AND PURCHASER—TITLE—DEFECT—TERMINATION.
The vendor had a right to terminate a written agreement to sell land where the terms of the purchase agreement gave the vendor the right to terminate the agreement if the vendor could not remedy a defect in title nor obtain title insurance and where the vendor could not remedy the title defect and after negotiation notified the purchaser that the agreement was terminated without liability according to the terms of the contract.

Appeal from Oakland, Farrell E. Roberts, J. Submitted Division 2 February 10, 1970, at Detroit. (Docket No. 7,410.)   Decided March 31, 1970.

Complaint by Samuel Shubow and J. Rudolph Oliver against WXYZ, Incorporated, a Michigan corporation, for the breach of an agreement for the sale of real property.   Judgment for defendant. Plaintiffs appeal.   Affirmed.

*William I. Liberson (Cyril Abramson, of counsel),* for plaintiffs.

*Butzel, Eaman, Long, Gust & Kennedy (John L. Vanker and R. Bruce Laidlaw, of counsel),* for defendant.

REFERENCE FOR POINTS IN HEADNOTE
55 Am Jur, Vendor and Purchaser § 580.

Before: Quinn, P. J., and R. B. Burns and Fitz-gerald, JJ.

Per Curiam.    Defendant corporation owned a large tract of land situated in the township of South-field, county of Oakland, Michigan.    On June 17, 1968 the parties entered into an agreement for the sale and purchase of the property in question.    Paragraph 5 of the agreement contained the following language:

"If objection to the title is made, based upon a written opinion of purchaser's attorney that the title is not in the condition as required for performance hereunder, the seller shall have 30 days from the date he is notified in writing of the particular defects claimed, either (1) to remedy the title, or (2) to obtain title insurance as required above, or (3) to refund the deposit in full termination of this agreement if unable to remedy the title or obtain title insurance.    If the seller remedies the title or shall obtain such title policy within the time specified, the purchaser agrees to complete the sale within 10 days of written notification thereof.    If the seller fails to remedy the title or obtain such title insurance or to give the purchaser the above written notification within said 30 days, the deposit shall be refunded forthwith in full termination of this agreement."

Before execution of the land contract, defendant discovered that it could not convey a valuable portion of the land which constituted 0.241 acres.    Defendant could not remedy the title and after negotiation notified the purchaser that the agreement was terminated without liability according to the terms of the contract.

There was no return of the down payment because defendant never accepted the down payment.

The only question presented in this appeal is whether the court erred in construing the terms of the purchase agreement giving to defendants the right to terminate the agreement.

This case is squarely controlled by *DePropris* v. *Smith* (1955), 342 Mich 457. In that case the Supreme Court answered the identical question in the negative. That decision is binding on this Court.

Affirmed. Costs to defendant.